IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Estate of JEFFREY GAUTIER, NORMA HOLMS, individually, and as Guardian of DAKOTA GAUTIER,

    Plaintiff,

vs.

RODERICK HICKMAN, et al.,

    Defendants.

_____/

No. CIV S-07-0390 GGH

MEMORANDUM RE: MINOR'S COMPROMISE

       After presiding at settlement conference, the order submitted regarding approval of the minor's settlement in this case has been approved by the undersigned. The undersigned understands that he must independently investigate and evaluate a settlement made on behalf of a minor. Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983). The undersigned has done so. The undersigned spoke at length with the minor's guardian and the minor himself at settlement conference. The discussions revolved about the wisdom of settling at the amount which was ultimately agreed upon, and the distribution of proceeds.

       With respect to the settlement, substantial issues remained if the case were to go to trial which could well be decided against the minor. The minor's father (the incarcerated person who suffered the alleged wrongful death) had been purposefully non-compliant with his

1

diabetic regimen, to the point where he would slip into diabetic coma. He had also indicated a refusal of insulin. Balanced against these issues was plaintiff's claim that the father should have been transferred to the state medical facility at CMF Vacaville, although the need for transfer was significantly disputed, i.e. defendants argued with some force that Folsom could handle his medical needs as well as CMF. Finally, although there was a strong bond between father and son, the father, serving a lengthy prison sentence, was not realistically in a position to be with his son during his youth in any event. In sum, the compromise reached here was a fair, equitable one considering the issues.

Discussion was also made about structuring payments so that not all payments would be made available to the minor when he reached adulthood. However, after subsequent discussions with plaintiff's counsel, who investigated the possibility of such structures or annuities, or trusts, the costs of such, considering the modest amount which would be deposited outweighed for the most part the benefit of any structure. Moreover, as an adult, the minor should have the right to save, invest, spend the sum as he sees fit.

The undersigned discussed the need for a vehicle by his guardian (grandmother) in order that the minor have adequate transportation until adulthood. The time remaining to adulthood, several years, and the reasons given, justify this expense.

Dated: 6/27/08

/s/ Gregory G. Hollows

_____
U.S. Magistrate Judge

GGH:gh:035
gautier.memo

2